IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
_____

RAYTHEON COMPANY,

    Plaintiff,

    v.

CRAY, INC.,

    Defendant.

OPINION AND ORDER

18-cv-318-wmc
_____

    The court issues this order in advance of today's preliminary pretrial conference. During the previous conference with the parties on May 18, the court required the parties to meet and confer on the narrowing of claims, motion for summary judgment plan, and related issues, then file a joint report, which they have now done. (*See* dkt. #346.) The parties appear to have made significant headway in their meet and confer, leaving only three issues (the first two are related) for resolution. Those three issues are addressed below. Consistent with the June 3, 2019, trial date set by the court during the last conference, the court also adopts the parties' proposed summary judgment briefing schedule and proposes the additional deadlines subject to comment by the parties on today's call.

I. **The Parties' Disputes**

   A. **Defendant's counterclaims of unenforceability due to inequitable conduct and unclean hands on the '909 and '833 patents**

As set forth in the joint report and on the record during the last call, plaintiff Raytheon intends to dismiss with prejudice its claims of infringement of the '909 and '833 patents (the "Hardware Patents"). In the joint report, Raytheon also states that it will "provide Cray a covenant not to sue on those patents" and that the parties intend to submit a joint motion asking the court to enter an order dismissing those infringement claims with prejudice. (Joint Rept. (dkt. #346) 1-2.)

Cray has asserted counterclaims seeking declaratory judgments that the '833 and '909 patents are unenforceable due to unclean hands and inequitable conduct. (Countercl. 9-12.) Raytheon argues that its decision to dismiss with prejudice its infringement claims on those patents and provide Cray with a covenant not to sue deprives this court of jurisdiction over Cray's counterclaims. (Joint Rept. (dkt. #346) 3-5.) Assuming Raytheon executes a covenant not to sue which contains language making "absolutely clear" that it will not sue Cray for infringement of the '833 and '909 patents, then the court agrees that Cray's counterclaims are moot. *See Already LLC v. Nike, Inc.*, 568 U.S. 85, 95 (2013); *Amana Refrigerator, Inc. v. Quadlux, Inc.*, 172 F.3d 852, 854-55 (Fed. Cir. 1999).

As detailed in Raytheon's position statement, the Federal Circuit has recognized, in the context of considering attorney's fees under 35 U.S.C. § 285, that the dismissal of infringement claims, coupled with a covenant not to sue, divests this court of jurisdiction over counterclaims like that asserted by Cray. *See Highway Equip. Co. v. FECO, Ltd.*, 469 F.3d 1027, 1033 n.1 (Fed. Cir. 2006) (explaining that covenant "eliminated the case or

controversy pled in the patent-related counterclaims and deprived the district court of Article III jurisdiction with respect to those counterclaims" (citing *Super Sack Mfg. Corp. v. Chase Packaging Corp.*, 57 F.3d 1054, 1058–59 (Fed. Cir. 1995) ("[A] patentee defending against an action for a declaratory judgment of invalidity can divest the trial court of jurisdiction over the case by filing a covenant not to assert the patent at issue against the putative infringer.")); *Monsanto Co. v. Bayer Bioscience N.V.*, 514 F.3d 1229, 1242 (Fed. Cir. 2008) (noting that covenant not to sue "may divest the court of jurisdiction over a declaratory judgment action regarding these patents"). Of course, this is arguably something of a pyrrhic victory since the question of inequitable conduct may remain in the case for the court to decide as a part of a later fee petition under § 285, including concomitant jurisdiction to decide whether the underlying patents are "unenforceable for inequitable conduct." *Monsanto*, 514 F.3d at 1243.

Even ignoring that the Federal Circuit decisions are controlling authority for this case, the cases cited by Cray are not to the contrary. While the plaintiff in *Silicon Graphics, Inc. v. ATI Techs., Inc.*, 573 F. Supp. 2d 1108, 1110 (W.D. Wis. 2008), *aff'd*, 607 F.3d 784 (Fed. Cir. 2010), "offered to enter into a covenant not to sue on the four remaining infringement claims," having withdrawn the infringement claims on the eve of trial, it appears that no such covenant was actually executed, and instead, the case went forward to trial on the counterclaims. As such, neither this court nor the Federal Circuit addressed whether a covenant not to sue for infringement rendered the counterclaims moot and divested the court of jurisdiction over the invalidity and unenforceability counterclaims. In *Jovanovich v. Redden Marine Supply, Inc.*, No. C10-924-RSM, 2011 WL 4073197, at *3

3

(W.D. Wash. Sept. 13, 2011), the court simply found it retained jurisdiction over the question of unenforceability due to unclean hands under § 285, consistent with *Monsanto.*

As such, assuming Raytheon dismisses its claims for infringement of the '833 and '909 patents with prejudice and enters into an "absolutely" clear covenant not to sue, then the court will dismiss without prejudice Cray's Counterclaims 9-12 for lack of subject matter jurisdiction.

**B. Raytheon's motion to dismiss Cray's counterclaims 11-15**

Dismissing Counterclaims 11-12 appears to largely moot this part of the parties' dispute as well, although a question remains as to whether the Eastern District of Texas ruled on Raytheon's motion with respect to Counterclaims 13-15, which concern unenforceability of the other two patents still in suit (the Software Patents). Cray maintains that the court denied Raytheon's motion to dismiss these counterclaims, while Raytheon asserts the court simply granted Cray's motion to sever and reserved on its motion to dismiss.

Unfortunately, the record allows for either interpretation. A minute entry for a February 9, 2017, hearing states that "[t]he court will take up Plaintiff's Motion to Dismiss Cray, Inc.'s Amended Counterclaims 11-15 (Dkt. No. 128) on the briefs." (Dkt. #218.) During a conference the following week, the court stated that it would "sever the claims that do not relate to the primary infringement issue" and set those for a trial after the trial on the infringement and invalidity claims. (Dkt. #224 at 3-4.) It is unclear whether in severing the claims, the court implicitly denied the motion to dismiss or continued to

reserve on it. Moreover, there was no oral mention of the motion to dismiss during the hearing, not to mention no explanation for such a ruling or a subsequent written order.

As such, this court will err on the side of fairness and deem the motion to dismiss still pending. Rather than take up that motion now, however, the court would prefer to simply address these counterclaims in the context of the parties' motion for summary judgment. As such, to the extent Raytheon did not move for summary judgment on these counterclaims, the court will expand the permissible scope of its summary judgment motion to include those arguments raised in its motion to dismiss or any others it may wish to make on those three counterclaims now that a factual record is available at summary judgment.

**C. Raytheon's amended infringement contentions**

Raytheon served its original infringement contentions on November 24, 2015. Pertinent to the present dispute, Raytheon sought leave to amend its infringement contentions on March 13, 2017, to add: (1) what the parties are calling, a "Cray-only" theory (rather than one based on a third-party software program) and (2) certain doctrine of equivalents theories.[1] The parties' remaining dispute centers around whether Raytheon withdrew these proposed amendments or Cray withdrew its objections to them.

The court held a hearing on plaintiff's motion to amend and defendant's related motion to strike on July 12, 2017. At the hearing, counsel for plaintiff stated that from

---

[1] With leave of court, Raytheon also amended its infringement contentions in September 2016.

5

"Plaintiff's perspective . . . the only . . . issues remaining with respect to Raytheon's motion for leave to amend its infringement contentions is with respect to a Doctrine of Equivalents argument for the limitation of a motherboard in the '909 and '833 patents, and card in the '274 patent." (Dkt. #302 at 4-5.) One could read this as a statement that defendant had withdrawn its objections with respect to the other proposed amended contentions; and, indeed, that's what plaintiff argues, directing the court to a July 25, 2017, letter from plaintiff to defendant stating its view that "Cray withdrew its opposition to Raytheon's motion to supplement its infringement contentions," except for the two DOE theories described above, both of which the parties agree plaintiff was denied leave to pursue. (Dkt. #346-2 at 2.)

The rest of the hearing transcript, and Cray's immediate email response to Raytheon's July 25, 2017, letter, however belies this impression. In the response, counsel for Cray states "[y]our letter is completely inconsistent with the record from the hearing." (Dkt. #346-1 at 1) And, indeed, it is. At the hearing, counsel for Cray stated "[w]e continue to assert our objections to the -- to the untimely attempt to amend," while acknowledging that the "most problematic" theories are the two DOE ones described above. (Dkt. #302 at 5.) The court then asked for further explanation of the remaining dispute, at which point, counsel for Cray again stated, "I'm [a] little confused of the state right now, it's not clear whether Raytheon is withdrawing its DOE amendments except with respect to the network card and motherboard." (*Id.* at 6.) Counsel for plaintiff then responded, "I believe it's just the card and motherboard is the only -- are the only two terms -- limitations for which we are seeking leave to amend to assert a DOE theory." (*Id.*

6

at 6-7; *see also id.* at 7-8 (confirming the court's review that the only request is as to the "motherboard" and "network card" DOE theories).

After hearing argument on Raytheon's motion to amend, the court reserved on it, ordering additional briefing. (*Id.* at 26; *see also* 7/12/17 Order (dkt. #303).) The parties, as directed, filed briefs on the two DOE theories discussed during the hearing (dkt. ##306, 307), and the court subsequently denied plaintiff's motion with respect to these two DOE theories having adopted the plain meanings of "motherboard" and "card" in a claims construction order that same day, thus undermining Raytheon's proposed amendments (dkt. #314). In a footnote, the court also noted that it would have denied the motion regardless because Raytheon had failed to establish good cause for the amendment. (*Id.* at 3.)

On this record, Raytheon plainly withdrew its motion to amend to add additional DOE theories (other than the motherboard and network card one). While the "Cray-only" proposed infringement contention was not discussed at the hearing, plaintiff's failure to bring it to the attention of the court also constitutes waiver.

**II. Proposed Schedule**

Finally, in advance of today's preliminary pretrial conference, the court purposes the following schedule:

- June 15, 2018: joint motions to dismiss Claims III and IV and Counterclaims 3, 4, 7 and 8 (all concerning the '833 and '909 hardware patents). By this date, plaintiff is also directed to serve and file covenants not to sue for infringement of the '833 and '909 patents.

- August 17, 2018: summary judgment motion deadline. The parties are limited to issues timely raised in the prior summary judgment briefing, with the exception that

7

plaintiff may submit arguments for summary judgment on defendant's counterclaims for declaratory judgments of unenforceability of the two remaining patents in suit.

- September 28, 2018: responses to motions for summary judgment.

- October 26, 2018: replies to motions for summary judgment.

- January 10, 2019 at 9:00 a.m.: hearing on motion for summary judgment.

- April 19, 2019: Rule 26(a)(3) disclosures and motions in limine are due.

- May 3, 2019: responses to Rule 26(a)(3) disclosures and motions in limine.

- May 14, 2019 at 4:00 p.m.: final pretrial conference.

- June 3, 2019: trial (reserving 10 days).

ORDER

IT IS ORDERED THAT the remaining three disputes between the parties' meet and confer are resolved as set forth above and the court will hear comments on the proposed schedule at today's telephonic preliminary pretrial conference.

Entered this 1st day of June, 2018.

BY THE COURT:

/s/
_____
WILLIAM M. CONLEY
District Judge